## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH
## CIVIL ACTION NO. 5:09CV-P99-R

**KELLY SNOW**                                                              **PLAINTIFF**

**v.**

**KENTUCKY DEPARTMENT OF CORRECTIONS** *et al.*                **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, a convicted inmate currently incarcerated at the Kentucky State Reformatory, filed a *pro se* complaint under 42 U.S.C. § 1983, asserting violations of the Eighth and Fourteenth Amendments to the U.S. Constitution. He alleges delayed and inadequate medical treatment for a serious back condition while housed at the Kentucky State Penitentiary ("KSP") that led to paralysis and the need for multiple surgeries. As Defendants, he names the Kentucky Department of Corrections ("KDOC"); its Chief Medical Director, Dr. Scott A. Haas; KSP Physician Dr. Steve Hiland; KSP Nurse Practitioner Chanin Hiland; KSP Nurse Sarah Gish, LPN; and Jane/John Doe, Nurse Consultant/Health Care Grievance Coordinator for the KDOC. He sues each Defendant in his or her individual and official capacities. As relief, Plaintiff seeks damages and declaratory and injunctive relief. As injunctive relief, Plaintiff requests that Defendants treat him for his back injury and that he be examined by an independent and impartial medical examiner.

This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Eighth Amendment claim against Defendants Dr. Hiland, Nurse Practitioner Hiland, and Nurse Gish will continue and all other claims will be dismissed.

**I.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

## II.

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

**A.     All claims against KDOC and official-capacity claims for damages against all other Defendants**

A state, its agencies,[1] and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Furthermore, official-capacity claims for damages against state officials and all claims (damages and equitable relief) against the KDOC, a state entity, are barred by the Eleventh Amendment to the United States Constitution. *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Daleure v. Commonwealth of Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit."). Accordingly, all claims against the KDOC and all official-capacity claims for damages against all other Defendants must be dismissed.

---

[1] The Kentucky Department of Corrections ("DOC") is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. Exec. Order No. 2004-730 (July 9, 2004); KY. REV. STAT. ANN. § 12.250.

**B.      Dr. Scott A. Haas**

Nowhere in the complaint does Plaintiff claim that Defendant Haas provided any direct medical care to him.  Rather, it appears that Plaintiff sues Defendant Haas based on his position as Medical Director and because he responded to Plaintiff's health care grievance appeal.  These facts are insufficient to subject Defendant Haas to liability under § 1983.

Defendant Haas' position as Medical Director does not automatically make him liable for the actions of his subordinates.  "Respondeat superior[2] is not a proper basis for liability under § 1983."  *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006).  "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct."  *Id.* (internal quotations omitted).  "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'"  *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).  In other words, "liability under § 1983 must be based on active unconstitutional behavior."  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999).  "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability."  *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003).  Thus, the fact that Defendant Haas as Medical Director was aware of Plaintiff's complaints is not enough to subject him to liability under § 1983 for Plaintiff's medical providers' failure to provide Plaintiff with the type of treatment he desired.  *See, e.g.*, *Brown v. Green*, No. 97-1117, 1997 U.S. App. LEXIS 35331 (6th Cir. Dec. 12, 1997)

---

[2]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment."  BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

("Defendant Green, being sued in her official capacity as the Medical Director of the Michigan Department of Corrections, cannot be held liable for an alleged constitutional violation, because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Farrow v. West*, 320 F.3d 1235, 1238 n.1 (11th Cir. 2003) (holding that the regional director of prison medical services was not liable for actions of subordinate medical staff).

Likewise, Defendant Haas' adjudication of Plaintiff's medical grievances does not subject him to liability under § 1983. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.");

*Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."). Thus, where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged denial of medical treatment. *Id.*

Because Plaintiff's allegations against Defendant Haas relate only to his role as Medical Director and arise out of his decision to deny Plaintiff's administrative grievance, the claims against Defendant Haas must be dismissed.

### C.     Jane/John Doe Health Care Grievance Coordinator

As with Defendant Haas, Plaintiff appears to sue the Health Care Grievance Coordinator on the basis that he or she decided Plaintiff's health care grievance to his disfavor. Because "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension," *Alder v. Corr. Med. Servs.*, 73 F. App'x at 841, Plaintiff fails to state a claim upon which relief may be granted against Defendant Jane/John Doe Health Care Grievance Coordinator warranting dismissal of the claims against that Defendant.

### D.     Dr. Hiland, Nurse Practitioner Hiland, Nurse Gish

#### 1. Eighth Amendment

The Court will allow the Eighth Amendment claim of deliberate indifference to a serious medical need to proceed against Defendants Dr. Hiland, Nurse Practitioner Hiland, and Nurse Gish in their individual capacities for all relief and in their official capacities for equitable relief.

#### 2. Fourteenth Amendment

Plaintiff's Fourteenth Amendment claim is more properly analyzed only under the Eighth Amendment. "Where a particular Amendment 'provides an explicit textual source of

6

constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' [under the Fourteenth Amendment] must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Because the Eighth Amendment provides an explicit textual source of constitutional protection in this case, Plaintiff's Fourteenth Amendment claim of deliberate indifference to serious medical needs is inappropriate and will be dismissed.

The Court will enter a separate Scheduling Order governing the development of the continuing Eighth Amendment claim. The Court will also enter a separate Order dismissing all other claims.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005

7